**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA**

**Alexandria Division**

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| v. | Case No. 1:24-cr-180-PTG |
| RAYMOND RAHBAR, and RYAN MACAULAY, | |
| *Defendants*. | |

**MOTION TO EXCLUDE TIME UNDER THE
SPEEDY TRIAL ACT**

Title 18, United States Code, Section 3161(c)(1) requires that the trial of a defendant commence within 70 days of the date the defendant has appeared before a judicial officer of the court in which the indictment is pending. The statute, however, permits the Court to exclude certain periods of time from those limits. *See* 18 U.S.C. § 3161(h). The Speedy Trial Act provides multiple factors that courts consider when determining whether to set trial outside of these limits. *See* 18 U.S.C. § 3161(h)(7).

On August 15, 2024, a grand jury sitting in this District returned an 11-count indictment charging Defendants Raymond Rahbar and Ryan Macaulay with conspiracy, bank fraud, and money laundering. The Indictment also charged Rahbar with aggravated identity theft and bankruptcy fraud. Rahbar first appeared in this District before U.S. Magistrate Judge Lindsey R. Vaala on August 20, 2024. Macaulay first appeared in this District before U.S. District Judge Patricia T. Giles during the arraignment on August 22, 2024. Based on these dates, the Speedy Trial Act deadline is October 29, 2024.

1

During the arraignment, counsel for both Defendants indicated a desire to set the trial on January 22, 2025, which is beyond the Speedy Trial deadline. While the United States does not believe this case to be particularly complex, the Indictment alleges a scheme involving at least three business entities, at least four lenders, and at least five fraudulent loans. The discovery includes several thousand documents including financial records, spreadsheets, witness interviews, and the contents of several email accounts (estimated at over 15 GB).

The Court found the case to be complex based on the volume of discovery. Accordingly, the United States, under 18 U.S.C. § 3161, respectfully requests the Court: (1) set the trial for January 22, 2025; and (2) exclude under the Speedy Trial Act the time between between October 29, 2024 and January 22, 2025. Doing so would serve the ends of justice and outweigh the interest of the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(8)(B)(iv).

The Defendants expressly waive their rights under the Speedy Trial Act and join the request for a trial date outside of the Speedy Trial Act's 70-day window.

Jessica D. Aber
United States Attorney

By: _____
Christopher J. Hood
Kristin Starr
*Assistant United States Attorneys*

Seen and Agreed:

_____         _____
Mark E. Schamel                                                  Rammy Barbari
Christian R. Schreiber                                          David Benowitz
*Counsel for Raymond Rahbar*                   *Counsel for Ryan Macaulay*

2

**CERTIFICATE OF SERVICE**

  I hereby certify that on August 22, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF, which will then send a notification of such filing (NEF) to counsel of record.

By: _____
Christopher J. Hood
Assistant United States Attorney