IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.    ) | Crim. No. 1:24-cr-180-PTG-1 |
| ) | |
| RAYMOND RAHBAR,    ) | |
| Defendant.    ) | |

**DEFENDANT RAHBAR'S MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS
COUNT 13 OF THE SUPERSEDING INDICTMENT**

**COMES NOW** the Defendant Raymond Rahbar, through counsel, and submits this Memorandum of Law in Support of his Motion to Dismiss Count 13 of the Superseding Indictment.

# TABLE OF AUTHORITIES

## Cases

*Dubin v. United States*,
　599 U.S. 110 (2023).................................................................................................2, 3, 4

*United States v. Brewbaker*,
　87 F.4th 563 (4th Cir. 2023) ..............................................................................................1

*United States v. Gladden*,
　78 F.4th 1232 (11th Cir. 2023) .....................................................................................3, 4

*United States v. Hooker*,
　841 F.2d 1225 (4th Cir. 1988) (en banc) ..........................................................................1

*United States v. Noble*,
　713 F. Supp. 3d 1366 (N.D. Ga. 2024) .............................................................................3

*United States v. Pierre*,
　NO. 1:24-cr-173-PTG (Sept. 4, 2024) ..............................................................................4

*United States v. Thomas*,
　367 F.3d 194 (4th Cir. 2004) ............................................................................................1

## Statutes

18 U.S.C. § 1028A..................................................................................................................1, 2

## Rules

Fed. R. Crim. P. 12(b)(1) ...........................................................................................................1

Fed. R. Crim. P. 12(b)(3)(B)(v) .................................................................................................1

*Introduction*

On August 15, 2024, a grand jury in the Eastern District of Virginia returned an eleven-count indictment against Mr. Rahbar and his co-defendant, Ryan Macaulay ("Defendants"), charging Conspiracy to Commit Bank Fraud, three counts of Bank Fraud, Conspiracy to Commit Money Laundering, three counts of Money Laundering, two counts of Aggravated Identity Theft, and Perjury. *See* Dkt. 1. On November 14, the Government obtained a superseding indictment from the grand jury, which added two additional counts of Bank Fraud and one additional count of Money Laundering. *See* Dkt. 38. As relevant here, Count 13 of the superseding indictment charges that Mr. Rahbar committed aggravated identity theft in violation of 18 U.S.C. § 1028A when he "used [co-conspirator] Carl Pierre's means of identification—including his driver's license and security number—while applying for a PPP loan," on "May 7, 2021" "during and in relation to the crime of conspiracy to commit bank fraud as alleged in Count 1." *Id.* at ¶ 73.

*Legal Standard*

Federal Rule of Criminal Procedure 12 provides that parties may "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Specifically, Rule 12 allows a defendant to file a motion alleging a "defect in the indictment," including "failure to state an offense." Fed. R. Crim. P. 12(b)(3)(B)(v). To warrant dismissal on such a motion, a defendant must demonstrate that "the allegations [in the indictment], even if true, would not state an offense." *United States v. Brewbaker*, 87 F.4th 563, 572 (4th Cir. 2023) (quoting *United States v. Thomas*, 367 F.3d 194, 197 (4th Cir. 2004)); *see also United States v. Hooker*, 841 F.2d 1225, 1227-28 (4th Cir. 1988) (en banc).

*Argument*

Pursuant to the Supreme Court's recent narrowing of the scope of § 1028A(a)(1), Count

1

13 fails to state an offense because, taking all the Government's allegations as true, Mr. Rahbar's use of Mr. Pierre's identity *does not go to the crux* of the alleged conspiracy to commit bank fraud and thus does not rise to the level of the aggravated identity theft.

Under 18 U.S.C. § 1028A, an individual commits aggravated identity theft by "us[ing], without lawful authority, a means of identification of another person" in connection with an enumerated predicate felony. 18 U.S.C. § 1028A(a)(1). In *Dubin v. United States*, 599 U.S. 110 (2023), the Supreme Court sharply limited the scope of this provision, holding that § 1028A(a)(1) requires the misuse of another's identity to be "at the *crux* of what makes the underlying offense criminal." 599 U.S. at 114 (emphasis added). In *Dubin*, the defendant had submitted a Medicaid reimbursement claim for testing, representing that the patient's test was conducted by a licensed psychologist. *Id.* The testing, however, had been conducted by a psychological associate, not a licensed psychologist, and the misrepresentation likely resulted in an inflated reimbursement. *Id.* The government charged the defendant with aggravated identity theft on the theory that he had used a "means of identification"—the patient's name and Medicaid reimbursement number included in the fraudulent reimbursement claim—in connection with committing healthcare fraud, a predicate offense under § 1028A(c). *Id.* at 115. The government had argued that the defendant used the patient's name and reimbursement number "in relation to" the fraud because those identifiers were used to "facilitate[] or further[] the predicate offense." *Id.* at 117 (quotations omitted).

The Supreme Court rejected this broad interpretation of what it means to "use" a means of identification "in relation to" an offense, noting this would mean § 1028A applied "any time a name or other means of identification happens to be part of the payment or billing method used in the commission of a long list of predicate offenses. In other words, virtually all of the time." *Id.*

2

The Supreme Court vacated the defendant's conviction, reasoning that his "use of the patient's name was not at the crux of what made the underlying overbilling fraudulent." *Id.* at 132. It clarified that "being at the crux of criminality requires more than a causal relationship." *Id.* For the defendant in *Dubin*, the "fraud was in misrepresenting *how* and *when* services were provided to a patient, not *who* received the services." *Id.* (emphasis in original). Thus, "the crux of the healthcare fraud was a misrepresentation about the *qualifications of petitioner's employee*," while "[t]he patient's name was an *ancillary* feature of the billing method employed." *Id.* (emphasis added).

The few courts applying *Dubin* in PPP loan fraud cases make clear that the means of identification must be used in a way that does more than just lend credibility to the fraud and must be the "but-for" cause of the fraud in question. *See, e.g.*, *United States v. Gladden*, 78 F.4th 1232, 1245 (11th Cir. 2023) (finding *Dubin* satisfied where criminal activity centered on who received the benefit); *United States v. Noble*, 713 F. Supp. 3d 1366, 1375 (N.D. Ga. 2024) (granting withdrawal of guilty plea for defendant who submitted PPP loan application on behalf of another individual because loan applications hinged on business records, not applicant's identity). For example, in *United States v. Sheppard*, the defendant was charged with nine counts of wire fraud and five counts of aggravated identity theft in connection with the submission of PPP loan applications on behalf of various entities. 2024 WL 2815278, at *12 (S.D. Fl. June 3, 2024). The government alleged that the defendant committed aggravated identity theft when he "forged signatures of other persons for certain documents submitted in support of the loan applications." *Id.* at *3. The court disagreed, finding that this failed to satisfy the *Dubin* standard because "the fraud could also have been successful" had the defendant used his own personal information on the forms submitted with the applications instead of his accountant's. *Id.* at *13. The court distinguished this from other cases where the "deception centered on the identity of the individual

3

receiving the product" or benefit. *Id.* at *9 (quoting *Gladden*, 78 F.4th at 1245). In contrast, the court in *Sheppard* emphasized that success of the defendant's fraud "did not hinge" on the forged identity "but on the false payroll information he appended to his loan application." *Id.* at *14.

Here, taking the government's allegations as true, the indictment fails to state an offense because Mr. Pierre's identity did not go to the "crux" of the alleged fraud in the PPP loan applications. The indictment states that the PPP loan applications submitted by the BYNDfit and Construction entities were fraudulent because they "inflated the number of employees to increase their payroll costs"—not because they were submitted by Mr. Rahbar, as opposed to the other two co-founders of the BYNDfit business. Dkt. 38 at ¶ 28. In fact, Mr. Pierre has already signed a statement of facts in support of his plea agreement stating that "*he and his coconspirators* submitted" forms inflating the number of employees when "*PIERRE and his coconspirators applied* for PPP loans," and that these applications resulted in "at least one PPP loan" to the entity that submitted an application *on May 7, 2021*—the very date that is the subject of Count 13 of Mr. Rahbar's superseding indictment. *See* Dkt. 9, *United States v. Pierre*, NO. 1:24-cr-173-PTG (Sept. 4, 2024) (emphasis added).

Like *Sheppard*, the contents of the records and applications submitted are at the heart of the Government's allegations, not which of the three co-founders submitted them. *See Sheppard*, 2024 WL 2815278 at *13. And the Government does not allege that the loan would not have been approved "but[] for" Mr. Rahbar submitting the application in his co-founder's name instead of his own, which fails to stablish a sufficient causal relationship between the identity and the fraud. *Dubin*, 599 U.S. at 131. Accordingly, even taking the allegations as true, Count 13 of the indictment fails to satisfy the elements of aggravated identity theft outlined in *Dubin* and should be dismissed.

## *Conclusion*

For all the reasons stated herein, Mr. Rahbar, by counsel, respectfully requests that this Court grant the Motion to Dismiss Count 13 of the superseding indictment for failure to state an offense.

Dated:  November 19, 2024  

Respectfully submitted,

*/s/*
Joseph Flood
SHELDON & FLOOD, PLC
10621 Jones Street, Suite 301-A
Fairfax, V.A. 22030
Telephone:  703.691.8410
Email:  jflood@sfhdefense.com

*/s/*
Patrick F. Stokes *(applied pro hac vice)*
Alyse Ullery *(applied pro hac vice)*
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C.  20036
Telephone:  202.955.8500
Email:  pstokes@gibsondunn.com
Email:  aullery-glod@gibsondunn.com

*Attorneys for Defendant Raymond Rahbar*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed by CM/ECF on this the 19th day of November, 2024, which will then send a notification to all counsel of record.

/s/
Joseph Flood
SHELDON & FLOOD, PLC
10621 Jones Street, Suite 301-A
Fairfax, V.A. 22030
Telephone:  703.691.8410
Email:  jflood@sfhdefense.com

*Attorney for Defendant Raymond Rahbar*