IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Crim. No. 1:24-cr-180-PTG-1 |
| ) | |
| RAYMOND RAHBAR, ) | |
| Defendant. ) | |

**DEFENDANT RAHBAR'S MEMORANDUM OF LAW IN SUPPORT
OF MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

**COMES NOW** the Defendant, Raymond Rahbar, through counsel, and files this Memorandum of Law in Support of his Motion for Leave to File Documents under Seal.

Defendant Raymond Rahbar ("Defendant") respectfully seeks leave to file under seal the Memorandum of Law in Support of his Motion to Suppress ("Memorandum") and Exhibits A and B filed therewith. Exhibit A is the Search Warrant issued in connection with Case No. 1:24-SW-438, and Exhibit B is the Affidavit in Support of the Application for that Search Warrant. Both documents have been designated as "under seal" and constitute "Protected Documents" pursuant to the Agreed Protective Order in this case. *See* Dkt. 17.

Although "the common law and the First Amendment presume a public right of access to court documents," *Malon v. Franklin Financial Corp.*, No. 3:14CV671, 2014 WL 12768782, at *2 (E.D. Va. Dec. 4, 2014) (citing *Stone v. Univ. Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988)), "the Fourth Circuit has nonetheless stated that a district court 'may, in its discretion, seal documents if the public's right of access is outweighed by competing interests,'" *id.* (quoting *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984)). When considering whether to grant a motion to seal, courts must consider three requirements articulated by the Fourth Circuit in *Ashcraft v. Conoco, Inc.*: "[I]t must (1) provide public notice of the request to seal and allow

interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." 218 F.3d 288, 302 (4th Cir. 2000).

Defendant's request satisfies all three *Ashcroft* factors. Regarding the first factor, the public will have adequate notice of Defendant's request to seal through the instant Motion and Notice of Motion to Seal as required by Local Criminal Rule 49(D). The second and third *Ashcroft* factors also weigh in favor of sealing because sealing the above-reference documents is appropriate, and no less drastic alternatives exist. To Defendant's knowledge, Exhibits A and B to Defendant's Motion to Suppress are currently under seal and are not available to the public. Both bear language expressly designating them as such. *See* Ex. A at 1 ("Under Seal"), Ex. B at 1 ("Under Seal"). Furthermore, pursuant to the Protective Ordered (Dkt. 17), Defendant is prohibited from disclosing "Protected Documents or their contents directly or indirectly to any person or entity other than persons employed to assist in their defense." Dkt. 17 at 1. "Protected Documents" is defined as documents, electronic records, and other information produced by the United States to the defendant for purposes of discovery in this case." *Id.* The Memorandum quotes, references, and describes the information contained in Exhibits A and B, thereby disclosing the contents of these documents "directly or indirectly." *Id.* Accordingly, the Protective Order requires that Defendant file the Memorandum, and Exhibits A and B to the Memorandum, under seal.

Pursuant to the Local Criminal Rule 49(D)(4), and the Protective Order, Defendant respectfully requests that the Court retain the sealed versions of Defendant's Memorandum and Exhibits A and B to the Memorandum until the Government either moves to unseal the documents

or, pursuant to the Protective Order, permanently and until such time that "copies made thereof shall be destroyed or returned to the United States." Dkt. 17 at 2.

Dated: November 19, 2024                     Respectfully submitted,

/s/ Joseph Flood                                          /s/ Patrick Stokes
  Joseph Flood                                          Patrick F. Stokes *(applied pro hac vice)*
  SHELDON & FLOOD, PLC                      Alyse Ullery *(applied pro hac vice)*
  10621 Jones Street, Suite 301-A            GIBSON, DUNN & CRUTCHER LLP
  Fairfax, V.A. 22030                                 1700 M Street, N.W.
  Telephone: 703.691.8410                       Washington, D.C. 20036
  Email: jflood@sfhdefense.com              Telephone: 202.955.8500
                                                                    Email: pstokes@gibsondunn.com
                                                                    Email: aullery-glod@gibsondunn.com

                                                                    *Attorneys for Defendant Raymond Rahbar*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed by CM/ECF on this the 19th day of November, 2024, which will then send a notification to all counsel of record.

*/s/ Joseph Flood*
Joseph Flood
SHELDON & FLOOD, PLC
10621 Jones Street, Suite 301-A
Fairfax, V.A. 22030
Telephone:  703.691.8410
Email:  jflood@sfhdefense.com

*Attorney for Defendant Raymond Rahbar*