IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Crim. No. 1:24-cr-180-PTG-1 |
| | ) | |
| RAYMOND RAHBAR, | ) | |
| Defendant. | ) | |

## DEFENDANT RAHBAR'S OMNIBUS MOTION *IN LIMINE*

**COMES NOW** the Defendant, Raymond Rahbar, through counsel, pursuant to Federal Rules of Evidence 401, 403, and 404(b), and hereby respectfully moves this Court to exclude the evidence described herein.

### *Introduction*

Three weeks from trial, on March 31, 2025, the United States provided a notice pursuant to Federal Rule of Evidence 404(b) of its intent to introduce eleven categories of evidence that it claims are either intrinsic to the charged offenses or generally admissible under Rule 404(b). *See* Letter from Assistant U.S. Att'y Christopher Hood, Crim. Div., U.S. Dep't of Just., to Joseph Flood et al. (Mar. 31, 2025) (attached as Exhibit A). For several of the newly raised claims, the letter was a "notice" in name only. It expressly states that these categories of evidence are intrinsic and *not* governed by 404(b),[1] and in many cases offers no specific information as to how each would qualify under Rule 404(b) in the alternative. The notice also fails to specify with sufficient particularity what evidence the Government may seek to introduce at trial, the permitted purpose for which the evidence will be offered, and the reasoning that supports that purpose, as required

---

[1] *See* Ex. A at 1 ("The United States contends that this evidence constitutes direct evidence of the crimes alleged in the Indictment. Because it is inextricably intertwined with the crimes charged, it is not governed by Rule 404(b).").

by the Rule.[2] *See* Fed. R. Evid. 404(b)(3). Where the Government's scant notice gives Mr. Rahbar sufficient breadcrumbs to identify the likely evidence of purported misconduct, it is clear the evidence should be excluded because it is extrinsic, appears to be offered as propensity evidence, and would lead to unduly confusing and prejudicial mini-trials to determine its admissibility and accuracy. In short, this evidence, identified shortly before trial, should be excluded under Rule 404(b), and if not, under Rules 403 and/or 401, because it lacks probative value, and what probative value it has is substantially outweighed by unfair prejudice and the confusion it will cause during trial.

Accordingly, for the reasons stated herein, Mr. Rahbar respectfully requests this Court exclude evidence of (A) other pandemic-era loans; (B) other loans from FVC Bank; (C) civil litigation and bankruptcy proceedings; and (D) unnamed identity theft victims.

## *Background*

The conduct charged in the Superseding Indictment centers on the applications for Paycheck Protection Program ("PPP") loans submitted by three entities associated with the BYNDfit gym business and two entities associated with Mr. Rahbar's family's construction business. The Government alleges Mr. Rahbar and Mr. Macaulay conspired to and committed bank fraud by submitting loan applications on behalf of these five entities that contained inflated representations regarding those entities' payroll, and then spent those funds on unauthorized expenditures. The Government further charges that Mr. Rahbar committed aggravated identity theft by including one person's means of identification in the list of purported employees that accompanied one of the PPP loan applications, and by using his co-founder's means of identification when applying for a loan on behalf of one of the entities. The Government also

---

[2] For example, the notice purports to include evidence related to "Other Bank Transactions," yet does not reference a single transaction, only bank accounts.

charges that Mr. Rahbar committed perjury during a bankruptcy proceeding for BF Management when he answered, "I believe so, yes" to a question regarding whether he paid $246,666.66 to BF Management employees in the first quarter of 2020.

### *Legal Standard*

Federal Rule of Evidence 404(b) prohibits the admission of evidence of other crimes, wrongs, or acts to prove a person's character in order to show action in conformity therewith. Such evidence may only be admissible for other purposes, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. Fed. R. Evid. 404(b). However, even if evidence is admissible for one of the reasons set forth in Rule 404(b), it must still pass the balancing test of Rule 403, which excludes evidence if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. Evidence of prior bad acts under 404(b) is only admissible when it is: (1) "relevant to an issue, such as an element of an offense, and must not be offered to establish the general character of the defendant"; (2) "necessary in the sense that it is probative of an essential claim or an element of the offense"; (3) "reliable"; and (4) the probative value is not "substantially outweighed by confusion or unfair prejudice in the sense that it tends to subordinate reason to emotion in the factfinding process." *U.S. v. Johnson*, 617 F. 3d 286, 296–97 (4th Cir. 2010) (quoting *United States v. Queen*, 132 F. 3d 991, 997 (4th Cir. 1997)). Rule 404(b) requires the Government to provide "reasonable notice" of any 404(b) evidence it intends to use at trial, the purpose for which the evidence will be offered, and the reasoning that supports the purpose. Whether the notice is reasonable depends "largely on the circumstances of each case." Fed. R. Evid. 404(b) advisory committee's note to 1991 amend. A court may decide that notice is unreasonable for lack of completeness, which renders the evidence inadmissible. *Id.*

3

Acts that are intrinsic to the charged conduct are not subject to the limitations or notice requirement of Rule 404(b). *United States v. Basham*, 561 F.3d 302, 326 (4th Cir. 2009). Acts are "intrinsic when they are [1] inextricably intertwined or [2] both acts are part of a single criminal episode or [3] the other acts were necessary preliminaries to the crime charged." *United States v. Chin*, 83 F.3d 83, 88 (4th Cir. 1996). But even intrinsic conduct is subject to the limitations of Rule 403. *Basham*, 561 F.3d at 326.

### A.    Evidence of Other Pandemic-Era Government Loans

The Government has given notice of its intent to introduce evidence of "other pandemic-era government loans" applied for by Mr. Rahbar and/or Mr. Macaulay. Ex. A at 1–2. As a threshold matter, the Government's notice is deficient in that it does not offer any information that would allow Mr. Rahbar to prepare to defend against this evidence at trial. *See* Fed. R. Evid. 404(b). The notice states the Government intends to offer evidence related to multiple loans under multiple government programs but only identifies one loan with specificity—a PPP loan application that Mr. Rahbar withdrew and returned the funds of. Ex. A at 1. This Court has designated this case as complex, in part due to the number of entities, loans, and transactions involved. In addition, Mr. Rahbar and Mr. Macaulay ("Defendants") are affiliated with several other entities not named in the Superseding Indictment, some of which have applied for other loans. The Government's first production, which contained most of the documents produced by various banks, had over 6,500 documents; and as of the date of this filing, Mr. Rahbar has not received the Government's sixth production of documents, which purportedly contains loan files from the SBA.[3] Given the breadth of discovery and the unidentified loans that could potentially fall within this category of evidence, the Government should not be permitted to surprise Mr.

---

[3] The Government maintains that these documents will primarily be duplicative of information contained in Production 1, but counsel for Mr. Rahbar are unable to ascertain that for themselves at this juncture.

Rahbar at trial with evidence and allegations for which he is unable to investigate and prepare a defense. The Government's notice is so fundamentally deficient that Mr. Rahbar cannot meaningfully address the admissibility of the Government's evidence under Rule 404(b) because he lacks the basic information to identify the loans in question or the basis for their admission under Rule 404(b). For these reasons alone, the evidence should not be admitted.

The Government insists that this evidence is not subject to 404(b) because the unidentified loans fall within the "time period of the conspiracy" and thus are "inextricably intertwined" with the allegations. But the mere fact that a loan was obtained during the same time period does not automatically render it intrinsic to the alleged conduct, and the Government has made no effort to identify any connection between the unnamed loans and the specific fraud scheme alleged here. Nor does the Government explain how loans submitted under other loan programs would be part-and-parcel of the PPP loan scheme charged. Without more, there is a serious risk this evidence would amount to improper propensity evidence. At a minimum, Mr. Rahbar would be permitted to challenge at trial any claim that he engaged in uncharged loan fraud, leading to time-consuming challenges to determine admissibility and whether the Government had provided adequate notice and discovery. The resulting mini-trials would unduly complicate the case and confuse the jury. Thus, this evidence should be excluded under Rule 403, regardless of its admissibility as intrinsic evidence or under Rule 404(b).

### B.    Evidence of Other Loans from FVC Bank

The Government has given notice of its intent to introduce evidence of other loans FVC Bank made to BYND Holding, LLC and 8533 Georgetown Pike, LLC, including evidence Mr. Rahbar did not timely pay back either of these loans. Ex. A at 3. It claims this evidence is intrinsic because it "provides context relevant to the criminal charges" and thus is inextricably intertwined

with the alleged crimes. Notably, the Government offers no justification for the admissibility of this evidence under Rule 404(b) in the alternative.

The Superseding Indictment makes plain that the scheme alleged is a PPP loan fraud scheme, which by definition could not have been initiated prior to 2020. The FVC Bank loans obtained by BYND Holding and 8533 Georgetown Pike loans were obtained in 2019 and 2018, respectively. And although the Government correctly notes it may admit evidence predating the alleged conduct if it provides meaningful context to the charges at issue, courts have emphasized that this exception cannot be used to circumvent the purpose of Rule 404(b). *See, e.g.*, *United States v. Tull*, 500 F. Supp. 3d 472, 477 (declining to extend the definition of intrinsic evidence to include defendant's prior embezzlement because doing so would obscure the rule); *United States v. Bowie*, 232 F.3d 923, 928 (D.C. Cir. 2000) ("[A]ll relevant prosecution evidence explains the crime or completes the story. The fact that omitting some evidence would render a story slightly less complete cannot justify circumventing Rule 404(b) altogether."). There is very little information available in the Government's discovery regarding these loans, but the limited information available suggests that they are so unrelated and dissimilar to the charged conduct that permitting this evidence as legitimate "context" would allow the exception to swallow Rule 404(b).

For example, neither loan considered the number of employees attributed to these entities, and the Government does not allege these loans contained *any* misrepresentations, let alone ones that are similar to those charged. Indeed, Mr. Rahbar's father, not Mr. Rahbar, applied for the 8533 Georgetown loan in 2018 prior to his passing. Evidence of these loans does nothing more than suggest that, because Mr. Rahbar did not pay these loans on time, he was likely to commit fraud in the future—precisely the type of character and propensity evidence that Rule 404(a)–(b) is

designed to prevent. Because these pre-pandemic private loans are not intrinsic to the scheme charged, and because the Government has offered no justification or notice of how this evidence could be offered in conformity with Rule 404(b), the evidence is inadmissible. *See* Fed. R. Evid. 404(b) advisory committee's note to 1991 amend.

### C.    Evidence from Various Civil Litigation and Bankruptcy Proceedings

The Government has given notice of its intent to introduce evidence of at least two categories of litigation, including evidence from various civil suits involving Defendants and several bankruptcy proceedings. The litigation records are immense, and the Government has failed to provide specifics about what it intends to prove. This leaves Mr. Rahbar in the position of guessing what the Government might seek to introduce at trial. Mr. Rahbar thus asks that this Court exclude such evidence on the grounds that the notice is deficient and any evidence the Government might seek to introduce is irrelevant, extrinsic, and unduly prejudicial.

Courts have long held that judicial findings and judgments from civil cases are not admissible in criminal cases because they invoke different burdens of proof and present a serious risk of undue prejudice. *See, e.g.*, *New York Life Ins. Co. v. Murdaugh*, 94 F.2d 104, 107–08 (4th Cir. 1938) (noting it is a "well settled rule of evidence" that records from criminal cases "are not admissible in evidence in civil cases" because "the parties are not the same and the measure of proof required is also different"); *see also State v. Dubose¸* 11 So. 2d 477, 481 (Fla. 1943) (quoting 2 Wharton on Crim. Evid. 846) ("[i]t is a well-settled rule that judgments and decrees rendered in civil cases are inadmissible in evidence in criminal prosecutions as proof of any facts . . . [because] the parties are different, and [ ] the quantum of proof required in the one case is different from that required in the other."). In a criminal case, the government bears the burden of proving the defendant guilty of the crime charged beyond a reasonable doubt. By contrast, the plaintiff in a

7

civil case bears a much lighter burden—they must only prove claims against the defendant by a preponderance of the evidence. *See, e.g.*, *Murdaugh*, 94 F.2d at 107–08. Further, criminal defendants enjoy the presumption of innocence, while defendants in civil cases do not. These distinctions are not simply matters of form—they are critical considerations that cannot and should not be transposed out of one context into another. The risk of jury confusion is significant, and exactly the sort of phenomenon Rule 403 was created to prevent.

Admission of prior judicial statements in the form of sanctions, judgments, or even written orders are cause for particular concern. As the Ninth Circuit observed, "jurors are likely to defer to findings and determinations relevant to credibility made by an authoritative, professional factfinder rather than determine those issues for themselves." *United States v. Sine*, 493 F.3d 1021, 1033 (9th Cir. 2007). As a result, courts are rightfully reluctant to enter testimony or other evidence from a judge because previous "[j]udicial findings of fact present a rare case where, by virtue of their having been made by a judge, they would likely be given undue weight by the jury, thus creating a serious danger of unfair prejudice." *Carter v. Burch*, 34 F.3d 257, 265 (4th Cir. 1994) (quoting *Nipper v. Snipes*, 7 F.3d 415, 418 (4th Cir. 1993) (internal quotation omitted)); *see also United States v. Kaneshiro*, 2024 WL 964510 at *7 (D. Haw. Mar. 6, 2024) (granting motion *in limine* to exclude court order that included "strong language critiquing" the defendant's behavior under Rule 403 because the jury could "defer to the judge as an authoritative, professional fact finder rather than determine those issues for themselves"). This remains true even when the prior proceedings are deemed relevant to the alleged criminal conduct. *Kaneshiro*, 2024 WL 964510 at *4.

1. Michael Rosengart Litigation

The Government has indicated that it "may introduce evidence about BYNDfit's lawsuit

with Michael Rosengart, a former employee of BYNDfit." Ex. A at 6. The Government does not identify which of the numerous suits brought by Mr. Rosengart against Defendants and BYNDfit it intends to introduce, which collectively contain over 400 docket filings and exhibits.[4] Nevertheless, it argues that evidence within these filings is intrinsic because it "occurred during the time period of the conspiracy" and thus the conduct "is direct evidence of and inextricably intertwined with the alleged crimes." *Id.* At minimum, the Government says that it intends to use Defendants' position in these suits that Mr. Rosengart was fired on January 4, 2020 to challenge Defendants' inclusion of Mr. Rosengart in their PPP loan application for BF Chinatown. *Id.* In the alternative, the Government summarily contends that the evidence will be used "to prove intent, knowledge, and absence of mistake, all permitted uses" and not barred by Rule 404(b). *Id.* Both contentions are insufficient under the Rule.

Mr. Rosengart's litigation with Defendants features a number of extrinsic issues related to his time as a *legitimate worker* at BYNDfit—a fact that the Government does not contest. Nor does it (nor Mr. Rosengart) dispute that he worked at BYNDfit for some period of time in the first quarter of 2020. To be sure, Mr. Rosengart, like any other witness, may testify to matters he has personal knowledge of. *See* Fed. R. Evid. 602. This includes things he witnessed while working for BYNDfit, which might overlap with the timeframe of some of the alleged crimes. But Mr. Rosengart's civil suits and subsequent settlement with Defendants in April 2020 centered on contract-related claims, including, for example, claims of unpaid wages, retaliation, breach of contract, and the like. *See, e.g.*, Complaint at 21–29, *Rosengart v. BYNDfit, LLC, et al.*, No. 2020-

---

[4] Mr. Rosengart initiated cases against both Mr. Macaulay and BYNDfit that were each litigated in both D.C. Superior Court and the U.S. District Court for the District of Columbia. *See Rosengart v. BYNDfit, LLC et al.*, 2020-CA-001710 B (D.C. Super. Ct. Mar. 10, 2020); *Rosengart v. BYNDfit, LLC et al.*, No. 23-CV-02635 (D.D.C. Sept. 8, 2023); *Rosengart v. Pierre et al.*, 2023-CAB-000056 (D.C. Super. Ct. Jan. 4, 2023); *Rosengart v. Pierre et al.*, No. 24-cv-00829 (D.D.C. Mar. 22, 2024).

CA-001710-B (D.C. Super. Ct. Mar. 10, 2020). None of the issues litigated with Mr. Rosengart are inextricably intertwined with the charged PPP fraud or similar enough to be considered part of the "same episode." *Chin*, 83 F.3d at 88. Nor is Mr. Rosengart's termination a "necessary preliminary" to Defendants' submission of PPP loan applications months later. *Id.* Without more information regarding the evidence in question, the Government cannot establish that the litigation with Mr. Rosengart is in any way relevant, let alone intrinsic, evidence.

As to the Government's second argument—that even if not intrinsic to the charges at issue, this evidence will be used "to prove intent, knowledge, and absence of mistake"—the Government's notice is again woefully deficient. The Government cannot reasonably suggest that the entirety of evidence, testimony, filings, and dispute details across multiple lawsuits and over 400 docket filings and exhibits all show intent, knowledge, and lack of mistake. If the Government wishes to demonstrate that Mr. Rosengart was not working at BYNDfit in April 2020, introducing the civil litigation between Mr. Rosengart and Defendants is wholly unnecessary, needlessly duplicative of other evidence and records, and risks confusing the issues.

Regardless of whether this evidence is considered intrinsic, it fails to pass muster under Rule 403. Courts across the country have routinely held that references to previous civil cases, where the civil claims are not related to the crimes alleged, have little probative value in a subsequent criminal case and may violate Rule 403. *See, e.g.*, *United States v. Williams*, 740 F.3d 308, 315 (4th Cir. 2014) (affirming a district court's decision to exclude evidence relating to past civil suits during a criminal trial, including settlement materials, because they "had minimal probative value to the Defendant's criminal case" and "may have presented admissibility problems"); *United States v. Johnson,* 262 F.R.D. 410, 419–20 (D. Del. 2009) (denying admission of admission of a past civil complaint and jury verdict as unduly prejudicial because "the list of

civil offenses . . . are not the same offenses that are charged criminally"). Here, there is little probative value, if any, to testimony or evidence regarding Mr. Rosengart's employment disputes and settlement.

Conversely, there is significant risk of prejudice in presenting the jury with testimony, evidence, and findings regarding an entirely different set of claims and facts, litigated under a lower burden of proof. Further, to properly present a defense, the Defense would be obligated to re-litigate these claims in full, this time within the context of this criminal case. Doing so could include calling more witnesses; introducing additional, extraneous, evidence; and more— essentially creating a series of "mini-trials" that present a substantial risk of undue delay, wasted time, and confusion of the issues. Thus, Rule 403 bars this evidence.

2. Terrell Place Litigation

The Government has also given notice of its intent to introduce "evidence about BYNDfit's series of lawsuits with Terrell Place, the owner of the building where BYNDfit was to be located." Ex. A at 5. These cases involved years of litigation, beginning in 2021, and included countless motions, rulings, and final judgments, yet the Government fails to identify what evidence from this litigation it plans to introduce. It nevertheless intends to use something from these cases to "show that the defendants did not use the fraudulently obtained PPP money for the authorized expense of rent" and "as evidence of the poor financial condition of BYNDfit." *Id.* But that reasoning fails to cure the core Rule 401 and 403 issues. Mr. Rahbar and BF Chinatown had legitimate disputes against Terrell Place, including arguments that the landlord did not satisfy all its obligation under the lease, justifying withholding of rent. *See, e.g.*, Pl.'s Mot. to Dismiss at 6, *Terrell Place Property, LLC v. BF Chinatown, LLC*, No. 2021-LTB-000373 (D.C. Super. Ct. Nov. 11, 2021). None of the issues in the Terrell Place cases are probative of the matters at issue in this

case: the alleged inflation of payroll and misuse of PPP funds. Allowing the Government to introduce unspecified volumes of evidence from several years of contested litigation with Terrell Place would force the parties to relitigate years' worth of disputes at trial, needlessly confusing and prejudicing the jury in the process. *See* Fed. R. Evid. 403; *Williams*, 740 F. 3d at 315.

      3. <u>Bankruptcy Proceedings</u>

The Government's notice indicates it "may introduce evidence about the bankruptcy proceedings" for BF Chinatown, BF Management, and 8533 Georgetown. It claims this evidence will show that (1) "Raymond Rahbar acted as the debtor designee"; (2) the "Bankruptcy Judge dismissed the BF Chinatown and 8533 Georgetown cases for being filed in bad faith by the debtor"; and (3) that a Bankruptcy Judge converted one Chapter 11 bankruptcy to a Chapter 7 bankruptcy because of unidentified "actions" by Mr. Rahbar. Ex. A at 5. Again, the Government's notice fails to clarify what evidence from these proceedings, which contain hundreds of docket entries, it intends to use. Pursuant to Rule 404(b)'s notice requirement, Mr. Rahbar should not be forced to guess at what evidence the government intends to offer under the Rule. But, at minimum, the Government's description suggests that it intends to introduce evidence that the bankruptcy filings occurred and that they were found to be filed in bad faith.

The Superseding Indictment alleges that Mr. Rahbar perjured himself in one statement made at a creditors' hearing during BF Management's bankruptcy proceedings. Mr. Rahbar does not dispute that relevant excerpts from that proceeding containing the statement at issue are intrinsic to the perjury charge. But the bankruptcy proceeding for BF Management alone contains over 120 other docket filings and exhibits. The Government has offered no information demonstrating that any and all findings of fact or judgments from this bankruptcy—let alone the other two bankruptcy proceedings—are intrinsic to the charged conduct. And it does not explain

how reprimands, sanctions, or rulings like those referenced in the Government's Rule 404(b) notice are anything other than paradigmatic propensity evidence prohibited under Rule 404. Indeed, such rulings present a particular danger of unfairly prejudicing a jury against Mr. Rahbar. *See, e.g.*, *Burch*, 34 F.3d at 265; *Kaneshiro*, 2024 WL 964510 at *7.

Additionally, challenging any findings of fact, rulings, or judgments from the bankruptcy proceedings will require additional witnesses and evidence that may not otherwise be implicated in this criminal trial, and Mr. Rahbar cannot prepare a defense without additional information from the Government regarding the universe of evidence from these proceedings it intends to use, and how. The Government should not be permitted to engage in trial by surprise by gesturing vaguely to three different bankruptcy cases that were lengthy, complex, and involved multiple parties and creditors, some of which remain ongoing. Moreover, relitigating findings and evidence from these proceedings would lead to unduly complicated mini-trials that would confuse the jury and cause unnecessary delay. Thus, evidence of the bankruptcy proceedings should be excluded. Notably, the Government's notice only states why this evidence is intrinsic and does not offer an argument in the alternative for the admissibility of this evidence under Rule 404(b). Accordingly, the Court should exclude any evidence of bankruptcy or findings of fact or judgments from these proceedings, other than the narrow portion of the transcript at issue in Count 14.

### D.    Unnamed Identity Theft Victims

Finally, the Government gave notice of its intention to introduce evidence of unnamed identity theft victims, demonstrating that these individuals did not know their information was included in the application(s) or authorize the use thereof. The Government offers no information regarding how many victims it intends to identify, the names of those victims, or the evidence supporting these claims, despite being just three weeks from trial. This notice is woefully

insufficient to justify such open-ended inclusion of evidence of uncharged conduct given the number of individuals that were allegedly listed as employees in the various loan applications. *See, e.g.*, Superseding Indictment ¶ 32 (alleging that the application falsely represented that BF Chinatown had 54 employees). If presented at trial, this will undoubtedly result in protracted mini-trials to determine whether Defendants knew at the time of the loan submission that these unidentified individuals' personal identifying information was improperly included.

Despite the Government's boilerplate and unsupported claim that this evidence is "intrinsic," it appears to be offered to show Mr. Rahbar's propensity to commit identity theft.[5] By introducing this evidence, the Government invites the jury to improperly conclude that, because Mr. Rahbar allegedly committed identity theft in relation to these uncharged victims, he is likely to have committed aggravated identity theft as charged in the Superseding Indictment. Ultimately, the Government has failed to provide enough information to demonstrate how this information would be properly admitted under 404(b) and in a manner that would not unduly prejudice the jury against Mr. Rahbar. The Government should not be permitted to obfuscate uncharged conduct and hide behind generalities in order to conduct trial by surprise.

### *Conclusion*

For the foregoing reasons, Mr. Rahbar, through counsel, respectfully requests that the Court grant this motion *in limine* to exclude certain evidence referenced in the Government's Rule 404(b) notice, specifically, evidence of: (A) other pandemic-era loans; (B) other loans from FVC Bank; (C) civil litigation and bankruptcy proceedings; and (D) unnamed identity theft victims.

---

[5] The Government attempts to portray this unknown evidence as intrinsic by claiming it shows that Defendants "knowingly inflated their payroll." But whether these individuals knew that their information would be included in the application has no bearing on Defendants' knowledge or intent with regard to the applications.

Dated: April 7, 2025                          Respectfully submitted,


/s/ _____              /s/ _____
Joseph Flood                                   Patrick F. Stokes
SHELDON & FLOOD, PLC                           Alyse Ullery
10621 Jones Street, Suite 301-A                GIBSON, DUNN & CRUTCHER LLP
Fairfax, V.A. 22030                            1700 M Street, N.W.
Telephone: 703.691.8410                        Washington, D.C. 20036
Email: jflood@sfhdefense.com                   Telephone: 202.955.8500
                                               Email: pstokes@gibsondunn.com
                                               Email: aullery-glod@gibsondunn.com

                                               *Attorneys for Defendant Raymond Rahbar*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing was filed by CM/ECF on this the 7th day of April, 2025, which will then send a notification to all counsel of record.

/s/
_____
Joseph Flood
SHELDON & FLOOD, PLC
10621 Jones Street, Suite 301-A
Fairfax, V.A. 22030
Telephone:  703.691.8410
Email:  jflood@sfhdefense.com

*Attorney for Defendant Raymond Rahbar*